# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00482-KDB-DSC

| | |
|---|---|
| JOHNATHAN S. HENSLEY, | |
| Plaintiff, | |
| v. | **ORDER** |
| CITY OF CHARLOTTE, | |
| Defendant. | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Preliminary Injunction (Doc. No. 16). The Court has carefully considered this motion and the parties' briefs and exhibits. For the reasons discussed briefly below, the Court will **DENY** the motion without prejudice.

In this action, Plaintiff asserts that Defendant City of Charlotte (the "City") has violated the Driver's Privacy Protection Act, 18 U.S.C. § 2721, *et seq.* ("DPPA") by making vehicle accident reports containing the Plaintiff's and putative class members' "personal information" (as that term is defined in the DPPA) publicly available without requiring that those viewing the reports establish a permitted purpose under the statute. In the motion before the Court, Plaintiff asks that the Court enjoin the City from continuing to make accident reports available to the public absent redaction of the protected information or a permissible purpose. *See Gaston v. LexisNexis Risk Solutions, Inc.*, No. 5:16-cv-00009-KDB-DCK, 2020 WL 5235340, at *17 (W.D.N.C. Sept. 2, 2020).

In response, the City challenges Plaintiff's action on numerous grounds, including whether Plaintiff has standing, the City is a "person" who can be sued in a private action under the DPPA, and Plaintiff has otherwise established an entitlement to a preliminary injunction under the

1

governing standard. *See Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008). Significantly, the City has also filed an affidavit representing to the Court that it is "no longer making DMV-349 accident reports containing DPPA protected personal information available to the public." *See* Doc. No. 20 at 9-10; Doc. No. 20-1.

A preliminary injunction, which adjudges the rights and obligations of the parties with just a limited record, is an extraordinary remedy that should be ordered only when necessary to preserve the status quo or prevent continuing unlawful and harmful conduct. *See Munaf v. Geren,* 553 U.S. 674, 689 (2008); *Scotts Co. v. United Industries Corp.*, 315 F.3d 264, 272 (4th Cir. 2002). Accordingly, in light of the City's decision to cease providing public access to the accident reports at issue, the Court declines to order a preliminary injunction or reach the merits of the substantial issues raised by the parties concerning the viability of this action going forward. However, should the City resume its earlier practice of making accident reports available without redaction of personal information or a permissible purpose under the DPPA, then Plaintiff may promptly reapply for a Preliminary Injunction.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for Preliminary Injunction (Doc. No. 16) is **DENIED without prejudice;** and

2. This case shall proceed towards a decision on the merits in the absence of a voluntary resolution of the dispute among the parties.[1]

---

[1] The parties are directed to consider participating in a prompt early mediation of this action to determine what, if anything, is left in dispute given the City's decision to cease making the accident reports available to the public (without redaction or a permissible statutory purpose).

**SO ORDERED ADJUDGED AND DECREED**.

Signed: November 30, 2020

Kenneth D. Bell
United States District Judge