IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOHNATHAN S. HENSLEY, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF CHARLOTTE, a North Carolina municipal corporation,<br><br>Defendant. | **CASE NO. 3:20-cv-482-KDB-DSC** |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Plaintiff Johnathan Hensley and Defendant City of Charlotte ("Defendant") (collectively, the "Parties"), through their respective attorneys of record, as follows:

WHEREAS, documents, testimony and information have been and may be sought, produced or exhibited by and among the parties relating to proprietary systems, confidential commercial information, confidential research and development, other proprietary information, confidential personnel records or confidential criminal investigative files belonging to Defendant and/or other confidential information of Plaintiff and third parties.

THEREFORE, this Court orders as follows:

1. This Order shall govern the use, handling, and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order. The parties acknowledge that this Order applies only to information designated as confidential as described herein.

2. Any documents, testimony or information submitted, either voluntarily or pursuant to any subsequent order, which is asserted in good faith by the producing party or by any other

party or third party to contain or constitute information protected by Federal Rule of Civil Procedure 26(c) or other provision of law asserted by the producing party, shall be so designated in writing, or orally at a deposition, hearing or trial and shall be segregated from other information being submitted. Materials so designated shall be clearly marked on their face with the legend "CONFIDENTIAL." Such documents, transcripts, or other materials are referred to herein as "CONFIDENTIAL MATERIALS."

3. A Party or third party wishing to designate portions of a deposition transcript CONFIDENTIAL pursuant to this Order must, within five business days from the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for regular turnaround. The designating party may designate those portions of the transcript CONFIDENTIAL, in accordance with paragraph 2 of this Order. The designating party shall designate such CONFIDENTIAL MATERIAL either on the record or by serving upon all counsel of record via electronic transmission a Notice setting forth the page, line numbers and designation. Blanket designations shall not be permitted. The designating party must serve such Notice within thirty calendar days after its counsel receives a copy of the deposition transcript. All transcripts ordered within five business days from the conclusion of the deposition will be treated as confidential until the expiration of the thirty day period described in this paragraph. Any portions of a transcript designated as confidential shall thereafter be treated as confidential in accordance with this Order. The parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

4. All CONFIDENTIAL MATERIALS, and all information derived therefrom (including but not limited to all testimony, deposition or otherwise, that refers, reflects or otherwise

discusses any such materials), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the litigation of this case, preparation and trial of this action in accordance with this Order.

5. In the absence of prior written permission from the designating party or an order by the Court, CONFIDENTIAL MATERIALS shall not be disclosed to any person other than: (i) the parties and their attorneys of record, and those attorneys' support staff employees who perform work tasks related to this case; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; (iii) disclosed experts or consulting experts and their staff employed for this litigation; (iv) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); (v) outside photocopying and electronic discovery vendors; and (vi) the Court, Court personnel, and members of any jury impaneled to hear this case.

6. CONFIDENTIAL MATERIALS shall not be disclosed to any person designated in paragraph 5(iii) unless he or she has executed a written, dated declaration in the form attached as Exhibit A, acknowledging that he or she has first read this Order, agreed to be bound by the terms thereof, agreed not to reveal such CONFIDENTIAL MATERIALS to anyone, and agreed to utilize such CONFIDENTIAL MATERIALS solely for the purposes of this litigation. All persons to whom CONFIDENTIAL MATERIALS are disclosed are hereby enjoined from disclosing same to any other person except as provided in this Order, and are also enjoined from using same except in the course of litigating this case, preparation for and trial of this case between the named parties thereto. In the absence of prior written permission from the designating party or an order by the Court, no person receiving or reviewing CONFIDENTIAL MATERIALS shall (a) disseminate or

disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, or (b) make any other use of such CONFIDENTIAL MATERIALS.

7. In the event that any Party disagrees with any designation made under this Order, the parties shall first try in good faith to resolve the disagreement informally. If the dispute cannot be resolved and the receiving party concludes in good faith that the materials have been improperly classified, the receiving party shall notify the designating party in writing by facsimile or by electronic transmission of its objection, but shall continue to maintain the documents or other information as confidential for ten calendar days after such notice. The designating party shall have the right to move the Court to retain the designated status of the materials. If the designating party files such a motion within the ten calendar day period, the receiving party shall continue to retain the materials as CONFIDENTIAL, consistent with the designating party's designation, until the Court has ruled on the designating party's motion. If the designating party does not file such a motion then the material shall be deemed not confidential.

8. Any motion, memorandum, document, or other paper filed with the Court is presumptively a public document. Any Party seeking to file CONFIDENTIAL MATERIALS with the Court shall file such material in accordance with Local Civil Rule 5.2.1 and 6.1. The Parties shall work together in good faith to coordinate the filing of all motions and material covered by this paragraph to permit compliance with the Local Rules. Any decision of the Court regarding whether to allow any filing to be made under seal is subject to Local Civil Rule 6.1 and applicable law.

9. Any Party that files any discovery materials with the Court shall, with respect to non-party individuals listed on any accident report, redact any personally identifying information that may be contained therein, which includes an individual's photograph, social security number,

driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information.

10.     Pursuant to Federal Rule of Evidence 502(b) and (d), an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not waive the Designating Party's right to secure protection under this Order for such material. If material is designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation by the Designating Party, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

11.     Additionally, inadvertent disclosure of any document or materials subject to a legitimate claim that the document is subject or otherwise protected from disclosure under the attorney-client privilege, work product doctrine, or any other type of privilege shall not waive the protection or privilege for either that document or for the subject matter of that document.

12.     This Order shall apply from the time it is entered and remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all Parties and third parties bound hereby for the purposes of enforcing this Order. Each individual signing the acknowledgement attached as Exhibit A agrees to be subject to the jurisdiction of this Court for purposes of this Order.

13.     This Order does not prevent any Party or third party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief pursuant to Local Civil Rule 6.1.

14.     Neither the entry of this Order, nor the designation of any material as "CONFIDENTIAL," nor the failure to make such designation, shall constitute evidence on any issue in this case. The designation of any materials as "CONFIDENTIAL" does not waive that
5

Party's objection to any discovery on the ground that it seeks information protected by Federal Rule of Civil Procedure 26(c) or other provision of law.

15. Nothing herein shall affect or restrict the rights of any Party with respect to its own documents or to the information obtained or developed independently of materials afforded confidential treatment pursuant to this Order.

16. Third parties that are the subject of discovery requests, subpoenas, or depositions in this case may take advantage of the provisions of this Order by providing Plaintiff and Defendant with written notice that they intend to comply with and be bound by the terms of this Order.

17. This Order may be modified at any time for good cause shown.

**SO ORDERED**.

Signed: January 8, 2021

David S. Cayer
United States Magistrate Judge

**SEEN AND AGREED:**

| | |
|---|---|
| /s/ Andrew Brown | /s/ Patrick H. Flanagan |
| Andrew Brown | Patrick H. Flanagan |
| James Robert Faucher | Stephanie H. Webster, Esq. |
| Brown, Faucher, Peraldo & Benson, PLLC | Cranfill Sumner & Hartzog, LLP |
| 822 N. Elm St., Suite 200 | P O Box 30787 |
| Greensboro, NC 27401 | Charlotte, NC 28230 |
| Telephone: (336) 478-6000 | Email: phf@cshlaw.com |
| Email: drew@greensborolawcenter.com | swebster@cshlaw.com |
| james@greensborolawcenter.com | |

Frederick L. Berry
John F. Bloss
Higgins Benjamin, PLLC
301 N. Elm Street, Suite 800
Greensboro, NC 27401
Telephone: (336) 274-4782
Email: fberry@greensborolaw.com

*Counsel for Defendant*

J. David Stradley
Robert Holmes
White & Stradley, PLLC
3105 Charles B. Root Wynd
Raleigh, NC 27612
Telephone: (919) 844-0400
Email: stradley@whiteandstradley.com
rob@whiteandstradley.com

*Counsel for Plaintiff*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

JOHNATHAN S. HENSLEY, on behalf of himself and others similarly situated,

          Plaintiff,

vs.

CITY OF CHARLOTTE, a North Carolina municipal corporation,

          Defendant.

**CASE NO. 3:20-cv-482**

## DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, upon written request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this \_\_\_\_ day of _____, 20\_\_.

_____
QUALIFIED PERSON