UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

JOHNATHAN S. HENSLEY,

        *Plaintiff,*

v.

CITY OF CHARLOTTE, a North Carolina municipal corporation,

        *Defendant.*

Action No.: 3:20-cv-482-KDB-DSC

## JOINT MOTION TO EXTEND MOTIONS FILING DEADLINE

NOW COME both parties, and respectfully move the Court for a 30-day extension of the motions filing deadline contained in the Pretrial Order and Case Management Plan ("PTO"), Doc. 19, entered by Magistrate Judge Cayer on November 18, 2020.

**Motions filing deadline is August 18; Discovery deadline, per the PTO, was July 19, but counsel have agreed to extend that time.**

The PTO set the motions filing deadline of August 18, 2021. The parties request an additional 30 days to file motions because (1) a third-party—CentralSquare Technologies, LLC—has not timely-responded to Plaintiff's subpoena seeking production of information that cannot be obtained from another source and (2) Defendant has not yet deposed Plaintiff.

The information sought by the Plaintiff's subpoena and Defendant's deposition of Plaintiff is material to any motion for summary judgment and possibly other motions. (Note: Counsel for all parties stipulated to extend the July 19

discovery deadline for one week and further agreed to consent to any additional extensions necessary to resolve any issues with CentralSquare's compliance with Plaintiff's subpoena.)

**Plaintiff timely served a subpoena duces tecum on non-party CentralSquare Technologies, LLC, but CentralSquare has not yet complied.**

The subpoena, attached as Exhibit 1, was served on counsel for CentralSquare on June 14, 2021, and seeks production of a database containing all crash reports generated by the Charlotte-Mecklenburg Police Department between 9/1/2007 and 12/31/2007 along with an XML file of each crash report. The subpoena designated that production would occur on July 7, 2021, in Greensboro.

**The subpoenaed information is relevant to an argument proving that personal information on a class member's accident report was "from a motor vehicle record."**

The complaint, Doc. 1, alleges a claim under 18 U.S.C. § 2724, which is the "Civil action" section of the Driver's Privacy Protection Act. Under that section, a civil action lies against a "person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted . . . ." 18 U.S.C. § 2724(a). Thus, Plaintiff must prove that the personal information obtained or disclosed by Defendant was "from a motor vehicle record." The DPPA defines motor vehicle record as "any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles." 18 U.S.C.§ 2725(1).

Plaintiff has alleged that his and class members' personal information on the CMPD-generated accident reports came from only two sources: it was either copied

2
Case 3:20-cv-00482-KDB-DSC   Document 42   Filed 08/02/21   Page 2 of 4

from a physical driver's license or electronically auto-populated from the DMV database. Counsel for Plaintiff believe that the information subpoenaed from CentralSquare will show, for the accident report of Plaintiff and for any given class member, whether that accident report was electronically auto-populated with DMV data by the CMPD officer. Therefore, the subpoenaed information is relevant to that line of argument.

**CentralSquare has pledged to produce the requested information and has represented that it is working diligently.**

On June 29, 2021, CentralSquare objected to the subpoena. Plaintiff promptly addressed the specific objections, including obtaining an amended order from this Court to allow third parties, such as CentralSquare, to disclose accident reports and the personal information on those reports.

Counsel for Plaintiff have followed up with counsel for CentralSquare regarding the status of production. On July 15, 2021, Counsel for CentralSquare stated in an email: "CentralSquare is working as fast as possible to prepare and complete the production. . . . We are hopeful to have the data in usable form this week but cannot give a definite ETA for production." In the same email, counsel indicated that after the information was put into "usable form," some further tasks remained to prepare the information for production.

If CentralSquare has not complied with the subpoena within two weeks, then counsel for Plaintiff plan to file a motion to compel in the Middle District of North Carolina (as the district where compliance is required) and would then plan to move this Court for a further extension of time to file motions.

WHEREFORE, both parties jointly move this Court for an extension of time through and including September 17, 2021, within which the parties may file motions other than motions in limine and motions to continue.

Respectfully submitted, this the 2nd day of August, 2021.

/s/ Robert P. Holmes
N.C. State Bar No. 12438
J. David Stradley
N.C. State Bar No. 22340
**WHITE & STRADLEY, PLLC**
3105 Charles B. Root Wynd
Raleigh, North Carolina  27612
Telephone: (919) 844-0400
Email: rob@whiteandstradley.com
stradley@whiteandstradley.com

*Attorneys for Plaintiff*

/s/ Patrick H. Flanagan
Patrick H. Flanagan, NC Bar #17407
Stephanie H. Webster, NC Bar #12164
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
phf@cshlaw.com
swebster@cshlaw.com

*Attorneys for Defendant*