IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00482-KDB-DSC

| | |
|---|---|
| JOHNATHAN S. HENSLEY, | |
| Plaintiff, | |
| v. | **ORDER** |
| CITY OF CHARLOTTE, | |
| Defendant. | |

**THIS MATTER** is a putative class action in which Plaintiff alleges that the City of Charlotte violated the Driver's Privacy Protection Act ("DPPA") and the Court has already entered Judgment in favor of Defendant. Now before the Court is Plaintiff's Amended Motion to Alter Judgment, Motion to Vacate Order on Motion for Judgment on the Pleadings, Clerk's Judgment and Motion to Amend [Doc. 50] ("Motion to Vacate/Amend") and Motion to Intervene by Heather Nicole Durham [Doc. 48]. The Court has carefully considered these motions and the parties' related briefs and exhibits. For the reasons discussed below, the Court will exercise its discretion to **DENY** the motions.

I.      FACTS AND PROCEDURAL HISTORY

Plaintiff filed his putative class action Complaint in this matter on September 1, 2020. [Doc. 1], and Defendant filed its Answer on October 27, 2020. [Doc. 15]. The Court entered a Pretrial Order and Case Management Plan ("PTO") on November 18, 2020 [Doc. 19], beginning the discovery period in the action. *See* Local Civil Rule 16.1(e)(2). The PTO provided that "[t]he parties' deadline to amend the pleadings is **April 19, 2021**" and "[t]he parties' deadline to join other parties is **January 18, 2021**." [Doc. 19, p. 2] (bolding in original). Further,

1

the PTO required completion of discovery by July 19, 2021 (a date the Parties extended a week by agreement). *Id.,* p. 1.

Before the PTO was entered, on November 4, 2020, Plaintiff filed a Motion for Preliminary Injunction. [Doc. 16]. On December 1, 2020, the Court denied Plaintiff's Motion for a Preliminary Injunction. [Doc. 23]. Following the denial of that motion, from December 21, 2020 until the end of the discovery period in July 2021 the Parties engaged in an active period of discovery. However, at no time has Plaintiff sought to certify the putative class pursuant to Rule 23 of the Federal Rules of Civil Procedure, either as to monetary damages or injunctive relief.

On June 11, 2021, Defendant filed a Motion to Dismiss Plaintiff's Complaint and Motion for Judgment on the Pleadings. [Doc. 32]. On July 9, 2021, Plaintiff responded by filing its Response in Opposition [Doc. 37], Supplemental Memorandum of Law [Doc. 38], and several declarations. Defendant filed its Reply on July 26, 2021. [Doc. 41]. Plaintiff did not seek an amendment of his pleading in the course of this briefing, even though discovery ended prior to the Court's ruling on the motion. On August 5, 2021 the Court granted Defendant's Motion for Judgment on the Pleadings [Doc. 44] and entered a final Judgment. [Doc. 45].

Subsequently, on September 2, 2021, Plaintiff filed an Amended Motion to Vacate Order and Judgment and for Leave to Amend pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. [Doc. 50]. On that same day, Heather N. Durham, who is allegedly already a member of the putative class, filed a Motion to Intervene seeking to be added as a Plaintiff in this action. [Doc. 48].

## II.     LEGAL STANDARD

Plaintiff seeks relief under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. However, he does so only as the procedural means to advance his effort to amend his complaint.[1] *See Laber v. Harvey,* 438 F.3d 404, 427 (4th Cir. 2006) (a district court may not grant a post-judgment motion to amend the complaint unless the court first vacates its judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b)). Therefore, in ruling on Plaintiff's motion, the Court, "need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed. R. Civ. P. 15(a)." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 470–71 (4th Cir. 2011).

Whether or not to grant leave to amend is within the discretion of the district court, and the goals of Rule 15 of the Federal Rules of Civil Procedure, as well as the "interests of justice" must always be weighed when considering such a motion. *Equal Rights Ctr. v. Niles Bolton Assocs.,* 602 F.3d 597, 602–03 (4th Cir. 2010). In considering Plaintiff's proposed post-judgment amendment, the court applies the same legal standards as it would on a prejudgment motion to amend pursuant to Fed.R.Civ.P. 15(a); that is, deciding if there is "prejudice, bad faith, or futility" that suggests that the Court should exercise its discretion to deny the amendment (which would otherwise be freely allowed) in the interests of justice. *See Laber*, 438 F.3d at 427; *Foman v. Davis,* 371 U.S. 178, 182 (1962).

Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. As emphasized in *Laber*, "[a] moment's reflection reveals … that

---

[1] Plaintiff otherwise disclaims any right to the "extraordinary remedy" of vacating a judgment under Rule 59(e) "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.,* 674 F.3d 369, 378 (4th Cir. 2012) (quoting *Zinkand v. Brown,* 478 F.3d 634, 637 (4th Cir. 2007)).

3

the further the case progressed before judgment was entered, the more likely it is that the amendment will prejudice the defendant or that a court will find bad faith on the plaintiff's part. *Laber*, 438 F.3d at 428. "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards...." *Katyle*, 637 F.3d at 471.

Also, while delay alone is insufficient to justify denial of a motion to amend, *Davis,* 615 F.2d at 613, courts often consider unexcused delay, or undue delay without reasonable excuse, as sufficient evidence of dilatory motive and prejudice to the non-movant when leave to amend is sought after the district court has dismissed the plaintiff's claims. *See* 6 Charles Alan Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 1488 (3d ed.2010); *Ondis v. Barrows,* 538 F.2d 904, 909 (1st Cir.1976); *Vielma v. Eureka Co.,* 218 F.3d 458 (5th Cir.2000); *Twohy v. First Nat'l Bank of Chicago,* 758 F.2d 1185, 1196–97 (7th Cir.1985); *Moses.com Securities, Inc. v. Comprehensive Software Systems, Inc.,* 406 F.3d 1052 (8th Cir.2005); *Landon v. Northern Natural Gas Co.,* 338 F.2d 17, 20 (10th Cir.1964). This authority is well-summarized in *Logar v. W. Virginia Univ. Bd. of Governors*, No. CIV.A. 1:10CV201, 2012 WL 243692, at *5–10 (N.D.W. Va. Jan. 25, 2012), aff'd, 493 F. App'x 460 (4th Cir. 2012):

> The Fifth Circuit in *Vielma v. Eureka Co.* explained that, while delay alone is insufficient grounds upon which to deny a motion to amend, it considers unexcused delay in filing a motion for leave to amend a sufficient basis for post-judgment denial of such a motion because, "much of the value of summary judgment procedure ... would be dissipated" if a movant were allowed to rely on one theory until the district court finds that theory "unsound," then to return with another theory after unfavorable judgment is entered. 218 F.3d at 469 (quoting *Briddle v. Scott,* 63 F.3d 364, 380 (5th Cir.1995)).
>
> In *Vielma,* the plaintiff, who moved for leave to amend to add federal claims to her original state law claims after the district court had dismissed her claims on summary judgment, admitted to the

trial court that she had waited to add the federal claims because she believed that the state law claims would be more successful at trial. The Fifth Circuit there held that, "[the plaintiff] had ample notice of [the defendant's] summary judgment motion, including its stated ground that her [state law claims] were time-barred. Accordingly, Vielma could have sought to amend her complaint ... well before the court entered judgment. She did not do so, however, and the district court did not abuse its discretion in denying her leave to make a post-judgment amendment." *Id.*

Similar holdings are prevalent throughout the federal district courts and are regularly upheld by the circuit courts of appeals. *See* Wright, et al. § 1488 n. 30. In *In re NationsMart Corp. Sec. Litig.,* 130 F.3d 309 (8th Cir.1997), the Eighth Circuit upheld the district court's refusal to grant leave to amend to a plaintiff who sought leave following dismissal because, "the plaintiffs waited until two weeks after the dismissal of most of their case to attempt to remedy problems of which they were aware months before." *Id.* at 323. The Seventh Circuit too, in *Twohy v. The First Nat'l Bank of Chicago,* 758 F.2d 1185 (7th Cir .1985), upheld a district court's refusal to grant post-dismissal leave to amend for unexcused delay, remarking that "delay in presenting a post-judgment amendment when the moving party had an opportunity to present the amendment earlier is a valid reason for a district court not to permit an amendment." *Id.* at 1196 (internal citations omitted).

Further, the Fifth Circuit in *Mitsubishi Aircraft Int'l, Inc. v. Brady,* 780 F.2d 1199 (5th Cir.1986), observed that, because the claim sought to be added to the plaintiff's complaint following dismissal was known to the plaintiff since the original filing date of the case, failure to seek leave to add it before dismissal "strongly suggest[ed] either a lack of diligence on its part or a lack of sincerity." *Id.* at 1203.

In other words, "a motion to amend should be made as soon as the necessity for altering the pleading becomes apparent. A party who delays in seeking an amendment is acting contrary to the spirit of the rule." *Deasy v. Hill*, 833 F.2d 38, 40-41. (4th Cir. 1987).

Whether to grant a Motion to Intervene is also left to the sound discretion of the trial court. *Smith v. Pennington*, 352 F.3d 884, 892 (4th Cir. 2003); *Black v. Cent. Motor Lines, Inc.*, 500 F.2d

5

407, 408 (4th Cir. 1974). The decision turns upon whether the movant is entitled to intervene under any of the provisions in Rule 24 of the Federal Rules of Civil Procedure. *See, e.g., N. Carolina State Conf. of NAACP v. Berger*, 999 F.3d 915, 932 (4th Cir. 2021). Here, Ms. Durham seeks "permissive intervention" under Rule 24(b). The discretion of the district court in ruling on a motion to intervene under Rule 24(b) is "even broader" than that under Rule 24(a)(2) (intervention of right).[2] *Id.* at 938.

Under Rule 24(b)(1)(B), "the court *may* permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact." (emphasis supplied). But "[i]n exercising its discretion" to permit intervention, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "Thus, where movants seek permission to intervene under Rule 24(b), they must establish each of the following elements: (1) that their motion is timely; (2) that their claims or defenses have a question of law or fact in common with the main action; and (3) that intervention will not result in undue delay or prejudice to the existing parties." *League of Women Voters of Virginia v. Virginia State Bd. of Elections*, 458 F. Supp. 3d 460, 464 (W.D. Va. 2020).

As noted, in exercising its discretion regarding permissive intervention, the Court must first assess whether a motion to intervene is timely. *See* Fed. R. Civ. Proc. 24(b) ("On timely

---

[2] Applicants to intervene as of right must meet all four of the following requirements: (1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation. Fed. R. Civ. Proc. 24(a); *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839–40 (4th Cir. 1999). Durham fails to satisfy requirements 1, 3 and 4 as her motion is untimely, her interest either as a member of the putative class or as a separate litigant will not be impaired if she is not permitted to intervene and she asserts that the current Plaintiff is an adequate class representative.

6

motion…"). If a motion to intervene under Rule 24 is untimely, it "must be denied." *Intown Properties Mgmt., Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 168–69 (4th Cir. 2001) quoting *NAACP v. New York,* 413 U.S. 345, 366 (1973). *See also Cadence Bank, N.A. v. Horry Properties, LLC*, No. 4:10-CV-2717-RBH, 2012 WL 2917111, at *3 (D.S.C. July 17, 2012) (The Fourth Circuit has "flatly held" that if a motion to intervene is untimely, it must be denied); *Gould v. Alleco, Inc.,* 883 F.2d 281, 286 (4th Cir. 1989), *cert. denied,* 493 U.S. 1058 (1990) ("This Circuit has stressed the importance of timeliness and the wide discretion afforded the district courts" in denying motions to intervene).

With respect to timeliness, the Court looks at how far the underlying suit has progressed, the prejudice any resulting delay might cause the other parties and why the movant was tardy in filing its motion. *Alt v. U.S. E.P.A.*, 758 F.3d 588, 591–92 (4th Cir. 2014). Finally, the Fourth Circuit has explained that intervention is ancillary and subordinate to a main cause and whenever an action is terminated, for whatever reason, there no longer remains an action in which there can be intervention. *See Black v. Cent. Motor Lines, Inc.*, 500 F.2d 407, 408 (4th Cir. 1974) ("By its very nature intervention presupposes pendency of an action in a court of competent jurisdiction.").

### III. DISCUSSION

#### A. Motion to Intervene

In her motion to intervene, Durham does not contend she is entitled to intervene as a matter of right, asking instead that the Court exercise its discretion to allow her to "permissively" intervene under Rule 24(b). For the reasons discussed below, the Court declines to exercise its discretion to permit Durham to intervene.

7

First, Durham's motion is untimely. In considering "how far the underlying suit has progressed," the suit has progressed to its conclusion and a judgment entered in favor of the Defendant. Beyond that, the discovery period in the case ended in July 2021 and the period for adding parties ended seven months before then in mid-January 2021. In *Scardelletti v. Debarr,* 265 F.3d 195, 202 (4th Cir. 2001), the Court stated that "the purpose of the [timeliness] requirement is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal." If an intervenor may not jump on board near the terminal, she certainly may not embark after the train has entered the station and emptied.

Also, the City will be prejudiced by Durham's late entry because it would, if the case were to proceed, have to conduct discovery as to her allegations, alleged suitability as a class representative, etc. Again, discovery in this case supposedly ended months ago. Finally, Durham has made no showing at all as to why she delayed seeking to intervene until after the case was over and judgment entered. Thus, the Court is only left to conclude that there is no good reason to justify the belated motion.

Although the untimeliness (and prejudice) of her filing dooms her motion, *see Intown Properties,* 271 F.3d at 168–69, there is an additional reason that counsels in favor of declining Durham's intervention. Despite Durham's allegation that plaintiff Hensley is an adequate class representative (hardly a surprising allegation as she is represented by Hensley's counsel), she claims that her intervention will "bolster class representation." While the Court expresses no opinion as to the ultimate merits of her alleged claims if she chooses to otherwise properly assert them separately, it appears unlikely that her presence as a named plaintiff in this case would "bolster" any class representation / certification (which, again, has never been sought here). Rather, her proposed intervention appears to add little to the case, beyond perhaps a tacit recognition that

different class representatives may be needed if the case is revived, as discussed below. Indeed, Durham's proposed Intervenor Complaint does not even allege that she actually received any marketing solicitations as a result of the alleged disclosure of her personal information. Accordingly, her inclusion in the case might raise difficult issues related to the "concreteness" of her injury and standing to sue. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021) (only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that defendant over the violation in federal court).[3] Therefore, allowing Durham to intervene is likely to only complicate this action, which is another reason why the Court will exercise its discretion to not grant her request to "permissively" intervene.

### B. Motion to Vacate / Motion to Amend

Having decided that Durham will not be permitted to intervene, the Court addresses Plaintiff's Motion to Vacate/Amend.[4] As discussed further below, there are several independent reasons the Court will exercise its discretion to deny the motion, including Plaintiff's unexcused delay/bad faith in seeking an amendment, the prejudice to Defendant if the amendment is allowed and the futility of the amendment, particularly as to its class allegations.

First, Plaintiff has not offered any legitimate excuse for the failure to seek amendment of his Complaint earlier. There can be no dispute that Plaintiff (through his counsel) knew before this lawsuit was even filed about the circumstances related to the Farrin law firm which are the grounds for the new and different putative class and claims proposed in the draft Amended Complaint. *See*

---

[3] The Court expresses no opinion as to such an argument, only noting that such an argument may be made, which would entail efforts and costs which need not be incurred.

[4] The Parties disagree as to whether the Court should consider Durham's allegations in the proposed Amended Complaint even if she is not permitted to intervene. Because the Court finds that Durham's presence in the pleading only strengthens the reasons for denying the motion to amend, the Court need not decide if it ought not consider the allegations of a proposed plaintiff who is not being permitted to intervene.

9

Doc. 17-1 (August 2019 Deposition of City of Charlotte taken in DPPA action against Farrin law firm in the Middle District of North Carolina, *Garey v. James S. Farrin*, P.C., 1:16-cv-542). Plaintiff does not deny this; rather, he argues only that he thought his pleading would be sufficient until the Court ruled otherwise. However, unlike the *pro se* plaintiff in *Laber*, this case appears to be wholly driven by experienced counsel who plainly made a strategic choice to try to prevail on Plaintiff's original claims before changing course after the Court's ruling. Such conduct is the antithesis of the "interests of justice" that underlie the ability of a party to amend a pleading.

Rule 15(a) is designed to allow parties the opportunity to amend pleadings "to assert matters which were overlooked or were unknown at the time the party interposed the original complaint." *See* Wright, et al. at § 1472. Further the rule is intended to advance a basic goal of the Federal Rules of Civil Procedure; to allow "maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *Id.* at § 1471. Neither of these purposes would be advanced by allowing the Plaintiff leave to amend here. The Plaintiff is not being denied the ability to litigate his case on the merits based upon a procedural technicality. There is no unknown or hidden defect in Plaintiff's complaint nor is Plaintiff utilizing Rule 15(a) to add claims overlooked or not previously known at the time that he filed his complaint.

Where Plaintiff, as here, has full notice of the allegedly relevant facts and did not seek amendment prior to the case management deadline for amendment, after a motion for judgment on the pleadings was filed or even after the conclusion of the discovery period, it is evidence of bad faith, as described in the authorities cited above. To hold otherwise would transform dispositive motions at the end of the discovery period into no more than advisory opinions and roadmaps for counsel to then seek "amendment" of their claims in an effort to revive their lawsuit. The waste and unfairness inherent in such a process is obvious.

10

Case 3:20-cv-00482-KDB-DSC    Document 56    Filed 10/21/21    Page 10 of 14

Further, even if this Court did not infer bad faith or dilatory motive from Plaintiff's conduct, in the climate of a post-dismissal motion for leave to amend, the facts of this case convince the Court that the interests of justice weigh more heavily toward finality of judgment than toward granting leave to amend. *See Laber,* 438 F.3d at 433 ("the interest in finality that attaches to every judgment must of necessity weigh in the exercise of the district court's discretion in [a post-judgment motion for leave to amend]")(Wilkinson J., concurring).

Second, Defendant would be prejudiced by allowing this post-judgment amendment. In the Complaint, Plaintiff sought to bring the action on behalf of a class broadly defined to include ***all*** non-excluded[5] natural persons listed as a driver on a DMV-349 completed by a CMPD officer within the Class Period (which is not defined), which person's North Carolina driver's license number is shown on the DMV-349 and for which person the Same Address Box is checked "Yes." Doc. No. 1 at ¶¶ 104-05. In the proposed Amended Complaint, the putative class is differently defined as non-excluded natural persons who are listed as a driver on a DMV-349 completed by a CMPD officer within the Class Period (September 1, 2017 to December 31, 2017) whose name appears on a Farrin Spreadsheet; and who meet either of the following criteria: the person's North Carolina driver's license number is shown on the DMV-349 or the Same Address Box for the person is checked "Yes" on the DMV-349. Doc. No. 47-3 at ¶ 127. Plaintiff's newly proposed class is both narrower (as to time and the "Farrin Spreadsheets") and broader (included those who either have their driver's license shown on the accident form **or** have the "Same Address Box" checked). Having planned and conducted its defense all the way through a motion for a preliminary

---

[5] Counsel of record, employees of counsel, employees of the Court and employees or officials of the Defendant are defined as "Excluded Persons."

injunction, the full course of discovery and a dispositive motion, Defendant would be prejudiced by now being required to defend against different allegations.

Moreover, it is implicit in the proposed Amended Complaint that Plaintiff believes that additional class representatives are needed – otherwise why would Plaintiff propose including an additional plaintiff who is purportedly identical to Plaintiff Hensley. *See* Doc. No. 49 at 1-2. So, beyond a different class, Defendant will be required to defend and respond to new class representatives, including complex related standing issues as discussed above.[6] This constitutes additional prejudice to the Defendant.

Plaintiff suggests in response that Defendant's allegations of prejudice simply reflect the fact that having won, Defendant might get a different result if an amendment is allowed. While the potential for a different outcome, standing alone, would not be "prejudice" in this context, the Court disagrees with Plaintiff's characterization of the prejudice to the City. The City does not claim prejudice only from a potentially different result but rather quite properly alleges there is substantial prejudice in terms of the wasted resources it has spent in taking the case all the way through to judgment only to then have to essentially litigate a different class and case after Plaintiff's proposed amendment. This prejudice supports the denial of Plaintiff's motion to amend.

Finally, the proposed amendment is futile, particularly with respect to Plaintiff's amended class allegations. Even putting aside the fundamental inconsistency between the declarations offered by Plaintiff in support of its new claims (the collection company Digital Solutions says that it provided "spreadsheets" of information taken from the accident forms, not the forms themselves and the law firm says it did not receive any "spreadsheets" from the company, *compare*

---

[6] The additional class representatives may be necessary because of the inadequacy, at a minimum, of Hensley as a class representative for injunctive relief claims because he no longer even lives in Charlotte.

12

Doc. Nos. 38-1, 38-2), the draft amended complaint still does not permit the Court to ascertain who is properly in the class. While individual names presumably appear on the so-called "Farrin Spreadsheets," it is not possible to determine from those lists who actually received a mailing from the firm (even if it could be assumed that the names came from the City counter – which based on Plaintiff's submissions is questionable as noted). As discussed above, this potential lack of "concrete" harm raises significant questions concerning who has standing to join the class. *See Ramirez*, 141 S. Ct. at 2190 (putative class members whose inaccurate credit reports were not sent to creditors had no standing to pursue federal statutory claims based on disclosure alone). Moreover, in addition to standing and class identity issues, the same class issues related to certification of a damages class that the Court identified in its earlier Order (Doc. No. 44) have not been resolved in the Amended Complaint.

In sum, for all the reasons discussed above regarding Plaintiff's bad faith, prejudice to the Defendant and the futility of the proposed amendment as well as the interests of justice, the Court will exercise its discretion to deny Plaintiff's Motion to Amend and related motions to vacate and alter the Court's Judgment dismissing this action.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Amended Motion to Alter Judgment, Motion to Vacate Order on Motion for Judgment on the Pleadings, Clerk's Judgment and Motion to Amend [Doc. 50] and Motion to Intervene by Heather Nicole Durham [Doc. 48] are **DENIED**; and

2. The Clerk is again directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 21,

Kenneth D. Bell
United States District Judge